**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FRED LUCIUS,

      Petitioner,

v.                               Case No. 8:25-cv-2631−TPB−CPT

SECRETARY, DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____

## <u>ORDER DISMISSING PETITION AS UNTIMELY</u>

This case is before the Court on a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Fred Lucius, a prisoner of the Florida Department of Corrections. (Doc. 1) Lucuis challenges his 2019 convictions for extortion or threats, unlawful use of a two-way communications device to facilitate the commission of a crime, and use of a computer for child exploitation, for which he is serving a 15 year sentence. He raises 11 grounds for relief and claims that he was denied his rights to constitutionally effective assistance of counsel, to a public and speedy trial, and to be free from illegal search and seizure. Respondent, Secretary of the Florida Department of Corrections, filed a limited response in opposition to the petition and asks the Court to dismiss the petition as untimely. (Doc. 7) Lucius filed a reply. (Doc. 9)

After careful review of the parties' briefs and the entire record, the Court dismisses the petition with prejudice as untimely.

## I.    Background and Procedural History

On October 4, 2019, Lucius pleaded guilty to extortion or threats, unlawful use of a two-way communications device to facilitate the commission of a crime, and use of a computer for child exploitation. (Doc. 8, Ex. 3); *State v. Lucius*, No. 2015-CF-4188 (Fla. 10th Jud. Cir.). On the same date, a judgment was entered against Lucius, and he was sentenced to a term of 15 years and two concurrent terms of five years. (Doc. 8, Ex. 4)

Having specifically reserved the right to appeal when he entered his plea, Lucius appealed the denial of his motion to discharge and argued that the trial court failed to bring him to trial within 15 days of his notice of expiration of speedy trial. (*Id.*, Exs. 5 and 6) On May 26, 2021, the appellate court affirmed his convictions and sentence without an opinion. (*Id.*, Ex. 8) After the appellate court affirmed, Lucius filed three motions all of which were denied.[1] On August 20, 2021, the appellate court issued its mandate. (*Id.*, Ex. 15)

---

[1] On June 10, 2021, Lucius filed a *pro se* motion for an extension of time to file a motion for rehearing. (Doc. 8, Ex. 9) On June 17, 2021, the appellate court struck the *pro se* motion as unauthorized because Lucius was represented by counsel. (*Id.*, Ex. 10) On June 24, 2021, Lucius filed a *pro se* motion to notify the appellate court that his counsel's representation ended when the appellate court issued its opinion, and to request an extension of time to file a motion for rehearing. (*Id.*, Ex. 11) On July 8,

On July 5, 2022, Lucius filed his first motion for postconviction relief in the trial court. (*Id.*, Ex. 16) He was permitted to amend his motion, and on January 31, 2023, the trial court denied Lucius's second amended motion for postconviction relief. (*Id.*, Ex. 17) Lucius appealed, and on November 12, 2024, the appellate court affirmed without an opinion. (*Id.*, Ex. 20) On February 5, 2025, the appellate court issued its mandate. (*Id.*, Ex. 21)

Lucius initiated this action by filing an unsigned and undated § 2254 petition. (Doc. 1) A stamp on the envelope shows that Lucius provided the petition to the Martin Correctional Institution for mailing on July 11, 2025.[2] (*Id.* at 31) The Court struck the petition because it lacked Lucius's signature and permitted him to file an amended petition on the standard form. (Doc. 2) On November 3, 2025, Lucius filed the signed, amended § 2254 petition on which he now proceeds. (Doc. 3)

## II.    Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir.

---

2021, the appellate court denied the motion without explanation. (*Id.*, Ex. 12) On July 20, 2021, Lucius filed a *pro se* motion for rehearing. (*Id.*, Ex. 13) And, on August 3, 2021, the appellate court denied the motion as untimely. (*Id.*, Ex. 14)

[2] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *See Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (quotations omitted).

2009). Under AEDPA, a federal habeas petitioner has one year to file a § 2254 petition. This one-year limitation period starts running on the later of "the date on which the judgment became final by the conclusions of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

On May 26, 2021, the appellate court affirmed Lucius's convictions and sentence in a decision without a written opinion. (Doc. 8, Ex. 8) The state supreme court lacked jurisdiction to review the appellate court's decision without a written opinion. *Jackson v. State*, 926 So. 2d 1262, 1265 (Fla. 2006) (citing *Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980)). Lucius could have sought further review in the United States Supreme Court. *Bates v. Sec'y, Fla. Dep't of Corr.*, 964 F.3d 1326, 1329 (11th Cir. 2020). However, Lucius did not seek further review, and therefore, the judgment became final for purposes of § 2244(d)(1)(A), when the time to petition the Supreme Court for a writ of certiorari expired. S*ee Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  The time to petition the Supreme Court expired 150 days[3] after entry of the appellate

---

[3] "Typically, the time for filing a certiorari petition in the United States Supreme Court expires 90 days after entry of the judgment or order sought to be reviewed." *Voegele v. Dixon*, No. 4:24-cv-503-AW-MJF, 2025 WL 3521691, at *3 (N.D. Fla. Sept. 26, 2025), *adopted by* 2025 WL 3517859 (N.D. Fla. Dec. 8, 2025). "Early during the COVID-19 pandemic, however, the Supreme Court temporarily extended the time for filing a certiorari petition to 150 days." *Id*. This extension "was in effect from March 19, 2020, until July 19, 2021," and it applied to Lucius whose convictions were affirmed in May 2021. *Id*.

court's order affirming the judgment, or October 25, 2021.[4] Consequently, the limitation period started to run the next day, on October 26, 2021. Fed. R. Civ. P. 6(a)(1)(A); *see San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (recognizing that the AEDPA limitations period begins to run on the day after the triggering event).

The limitation period ran for 252 days until July 5, 2022, when Lucius filed his motion for postconviction relief in the state trial court. That motion tolled the limitation period until February 5, 2025, when the appellate court issued its mandate. *See* 28 U.S.C. § 2244(d)(2) (limitation period tolled while a "properly filed application for State post-conviction or other collateral review" is pending in state court); *see also Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a post-conviction motion is pending until the state appellate court's mandate issues). The limitations period began to run the next day, February 6, 2025. With 113 days remaining, **Lucius had until May 30, 2025, to file his § 2254 petition**. However, Lucius filed his federal habeas petition on **July 11, 2025**, more than one month after the expiration of the limitations period.

---

[4] Because the 150th day fell on October 23, 2021, which was a Saturday, Lucius had until Monday, October 25, 2021, to file his certiorari petition. *See* U.S. Sup. Ct. R. 30.1

Lucius disputes that his federal habeas petition is untimely and points to the three motions he filed with the appellate court after it affirmed his convictions and sentence. He incorrectly argues that the one-year limitation period did not begin to run until 150 days after the appellate court issued its mandate on August 20, 2021.

However, the three motions did not extend the time for Lucius to file a certiorari petition in the Supreme Court because "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, *and not from the issuance of the mandate* (or its equivalent under local practice)." U.S. Sup. Ct. R. 13.3 (emphasis added). Supreme Court Rule 13.3 further provides:

> But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

Although Lucius filed three motions with the appellate court after his convictions and sentence were affirmed, none were timely motions for rehearing entertained by the appellate court. The first was a *pro se* motion for an extension of time to file a rehearing motion, which was denied as unauthorized because Lucius was proceeding with counsel. (Doc. 8, Exs. 9, 10)

6

The second was a *pro se* motion notifying the court that counsel's representation had terminated and requesting an extension of time to file a rehearing motion, which was denied without explanation. (*Id.*, Exs. 11, 12) The third was a *pro se* motion for rehearing, which was denied as untimely. (*Id.* Exs. 13, 14)

The three motions Lucius filed after the appellate court affirmed his convictions and sentence had no effect on his time to file a certiorari petition or on the finality of his judgment of conviction under § 2244(d)(1)(A) because they were not timely motions for rehearing, nor did the appellate court construe them as such. *See Jiminez v. Quarterman*, 555 U.S. 113, 120–21 & n.4 (2009) ("[T]he possibility that a state court may reopen direct review does not render convictions and sentences that are no longer subject to direct review nonfinal[.]") (quotation omitted); *Chavers v. Sec'y, Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) ("[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)."); *Voegele*, No. 4:24-cv-503-AW-MFJ, 2025 WL 3521691, at *4 (concluding that petitioner's motion to recall the appellate court's mandate did not toll the statute of limitations or affect the finality of judgment); *Lytle v. Sec'y, Dep't of Corr.*, No. 8:22-cv-1676-CEH-SPF, 2025 WL 676311, at *3 & n.5 (M.D. Fla. Mar. 3, 2025) (same).

Lucius also argues that he was "hindered . . . from getting his original post conviction motion [filed]" on time because of the COVID-19 pandemic. (Doc. 9 at 3) He asserts that the state of Florida and the Florida Department of Corrections maintained strict shutdown policies during the pandemic, and as a result, "all courts/cases [were] on pause and the law library was closed." (*Id*.) He claims "inmates could not do any research unless they were under a 10 day or less deadline[,]" and this hindered him from timely filing his original post convictions motion "especially with all legal work stored in the law library." (*Id*.) The Court generously construes this argument as a claim for equitable tolling of the limitation period because of restrictions on access to the prison law library and legal materials during the pandemic.

"An otherwise untimely federal petition may be considered if a prisoner can establish that he is entitled to equitable tolling." *Vahlkamp v. Sec'y, DOC*, 2022 WL 17752230, at *2 (11th Cir. Dec. 19, 2022) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quotation omitted); *see also Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (explaining that equitable tolling is appropriate only "in extreme cases where failure to invoke the principles of equity would lead to unacceptably unjust outcomes").

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quotations omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268. "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *Id*. The petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the habeas petition." *Id*. at 1267.

However, Lucius's conclusory claim that pandemic restrictions hindered his ability to timely file his federal habeas petition are insufficient to establish that extraordinary circumstances warrant equitable tolling. *See Lugo v. Sec'y, Fla. Dep't of Corr*., 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely filing of the petition, does not establish extraordinary circumstances."); *see also Driver v. Sec'y, Dep't of Corr*., 2024 WL 2239126, at \*1 (11th Cir. Mar. 1, 2024) (denying a certificate of appealability because "like lockdowns and periods in which a prisoner is separated from his legal papers, the shutdown of the [prison] law library . . . during the COVID-19 pandemic were not extraordinary circumstances

9

warranting equitable tolling") (quotations omitted); *Starling v. Warden*, No. 22-13849, 2023 WL 7013301, at *1 (11th Cir. 2023) (same).

Finally, "[a] court also may consider an untimely § 2254 petition if, by refusing to consider the petition for untimeliness, the court thereby would endorse a fundamental miscarriage of justice because it would require that an individual who is actually innocent remain imprisoned." *San Martin*, 633 F.3d at 1267–68 (quotations omitted). "The actual innocence exception is exceedingly narrow in scope, and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *Id.* (quotations and citations omitted). Lucius pled guilty. He makes no claim that he is factually innocent of his offenses of conviction, and therefore, the fundamental-miscarriage-of-justice exception is inapplicable. *See McCay v. United States*, 657 F.3d 1190, 1198 (11th Cir. 2011) (finding the actual innocence exception inapplicable because the petitioner's "claim is one of legal, rather than factual, innocence").

Because Lucius shows neither that an extraordinary circumstance beyond his control prevented him from timely filing his § 2254 petition or that he is factually innocent, he is not entitled to equitable tolling of the limited period.

## III.  Conclusion

Based on the foregoing, the Court concludes that Lucius's § 2254 petition was filed after the expiration of AEDPA's one-year limitations period and

Lucius fails to show entitlement to tolling or any other equitable exception to the statute of limitations. Accordingly, it is ordered that the 28 U.S.C. § 2254 petition is **DISMISSED with prejudice** as time-barred. The Clerk is directed to enter judgment for Respondent, terminate any pending motions, and **CLOSE** this case.

<u>**Certificate of Appealability**</u>

Lucius is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Lucius must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Lucius cannot satisfy the second prong of the *Slack* test. As Lucius is not entitled to a COA, he is not entitled to appeal in forma pauperis.

11

12

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day

of May, 2026.

_____

**TOM BARBER**
**U.S. DISTRICT JUDGE**

12